IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 11, 2008

Charles R. Fulbruge III
Clerk

No. 07-40881
Summary Calendar

GUS LIVINGSTON ELLIOT

Plaintiff - Appellee

v.

MICHAEL LINNELL, in his individual capacity as a Peace Office
commissioned by the University of North Texas; GREGORY J PRICKETT, in
his individual capacity as a Peace Officer commissioned by the University of
North Texas

Defendants - Appellants

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:05-CV-344

Before REAVLEY, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Gus Elliot brought this 43 U.S.C. § 1983 action against Officer
Michael Linnell and Sargent Gregory Prickett, alleging that they violated his
Fourth Amendment rights. Livingston contended that Linnell used excessive
force in arresting him and that Prickett did nothing to stop it. The officers

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

moved for summary judgment, arguing that qualified immunity shielded them from suit. The district court denied the motion, and the officers filed this interlocutory appeal of that denial.

1.  Linnell contends that the district court erred by its legal decision in denying that all of the evidence entitles him to qualified immunity. This court has jurisdiction to entertain such a challenge. Kenney v. Weaver, 367 F.3d 337, 347 (5th Cir. 2004) (en banc). Linnell's argument, however, fails on the merits. The district court determined that whether Elliot resisted arrest and how his head collided with Linnell's were both disputed material facts. Those facts are material because they bear on whether Linnell's response of pushing Elliot's face into his squad car was "objectively reasonable" given the facts and circumstances he faced and under existing law. See Mace v. City of Palestine, 333 F.3d 621, 624 (5th Cir. 2003).

2.  As for Prickett, the district court treated him as a participant in the same conduct as that of Linnell. What is said above then applies to Prickett. If the evidence should prove that Prickett was only a bystander, he would be liable only if he did "not take reasonable measures to protect" Elliott from Linnell, if Linnell used excessive force. Hale v. Townley, 45 F.3d 914, 919 (5th Cir. 1995).

AFFIRMED.